# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GERALD M. ALEXANDER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. B-05-267 |
| | § | |
| PRUDENTIAL FINANCIAL, INC., THE | § | |
| PRUDENTIAL INSURANCE COMPANY | § | |
| OF AMERICA, BAE SYSTEMS EMPLOYEE | § | |
| PLAN, and BAE SYSTEMS, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support [Docket No. 3], BAE Systems Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support [Docket No. 14], Defendants' Motion for Summary Judgment, and Brief in Support, Subject to and Without Waiving 12(b)(6) Motions to Dismiss [Docket No. 15], and Defendants' Motion to Strike Plaintiff's Designated Experts and, in the Alternative Defendant's Motion to Amend Scheduling Order [Docket No. 26].

## I.  Background

Plaintiff Gerald Alexander filed suit to recover accidental death benefits under the employee benefits plan of his deceased brother, David Alexander, alleging breach of contract, breach of the duty of good faith and fair dealing, unfair settlement practices, and failure to promptly pay a claim. [Docket No. 8]  The decedent was employed with BAE Systems from 1966 until his death in June of 2000.  He was insured under the BAE Systems Employee Benefits Plan ("Plan") and named his brother as the beneficiary for both his group life insurance policy and the accidental death and dismemberment ("AD&D") policy in November of 1999.  On June 15, 2000, David Alexander left

work early because he was feeling ill.  [Docket No. 15, Ex. H]  According to reports, Mr. Alexander was pale and shaky, but insisted on driving himself home.  *Id.*  After being helped into his vehicle Alexander exited the parking garage, drove straight across the street, and collided with a telephone pole.  *Id.*  When witnesses reached the vehicle he was unconscious, but whether he was unconscious at the time of the collision is disputed.  *Id.*  David Alexander died two days later.  *Id.*  Both the original and amended death certificates indicate his cause of death was due to anoxia and ventricular fibrillation.  [Docket No. 9, Ex. F]  However, Plaintiff contends his brother died as a result of an automobile accident and that he is therefore entitled to accidental death benefits under the plan.

Approximately one month after David Alexander's death, Plaintiff made a timely claim for the benefits under the group life insurance policy.  [Docket No. 9, Ex. G]  In September of 2000, the Plaintiff was awarded $69,798.36 under the group policy.  [Docket No. 9, Ex.I]  Plaintiff also made a claim under the AD&D policy.  [Docket No. 9, Ex. J]  In his AD&D policy claim letter, the Plaintiff indicated that he believed his brother's heart attack was "exacerbated" by the automobile accident thereby causing his brother's death.  *Id.*  Prudential took no further action regarding the AD&D policy until receiving a telephone call from the Plaintiff on April 18, 2001, at which time Prudential purports to have denied the claim.[1]  [Docket No. 15]  Prudential also produced a May 1, 2001 letter denying the claim [Docket No. 28, Ex. L], but the letter is unsigned, was not maintained in Prudential's files, and it is somewhat questionable whether Prudential ever actually mailed the letter to the Plaintiff. [Docket No. 28, ¶ 7.19]

On February 27, 2002, Plaintiff followed-up on the claim with a letter stating that the he

---

[1]Prudential relies on a phone log as support for the fact that Plaintiff's claim was denied over the phone, but the phone log, standing alone, does not support the proposition that the claim was denied. [Docket No. 15, Ex. A]

believed his brother's death was "a direct result of the June 15, 2000 automobile accident." [Docket No. 9, Ex. K]  On March 19, 2002, an insurance company representative responded by letter indicating that David Alexander's death certificate categorized his cause of death as "natural" and that there were no other relevant documents indicating otherwise.  [Docket No. 9, Ex. L] The Prudential representative requested "two proofs" that David Alexander's death was accidental in order to continue the evaluation of his claim.  *Id.*  A list of acceptable forms of "proof" was included in Prudential's letter to the Plaintiff.  *Id.*

On October 17, 2003, Plaintiff filed suit against Prudential in the 404th Judicial District Court of Cameron County alleging breach of contract.  *Alexander v. Prudential Fin.*, Civ. No. 03-219, *Docket No. 1* (S.D. Tex. 2003).  Defendant Prudential removed the case to this Court.  *Id.*  After Plaintiff failed to respond to Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) the case was dismissed without prejudice.  *Alexander v. Prudential Fin.*, Civ. No. 03-219, *Docket No. 13* (S.D. Tex. 2003).  Once the case was dismissed Plaintiff sent two more letters indicating that he would like to exhaust all administrative remedies. [Docket No. 28, Exs. O & P]

Plaintiff filed suit in the 404th Judicial District Court of Cameron County for the second time on October 30, 2005.   Defendant again removed the case to this Court and Plaintiff again failed to timely respond to a Motion to Dismiss Pursuant to Rule 12(b)(6). [Docket No. 3]  In an effort to avoid a third filing, the court granted Plaintiff additional time to reply to Defendant's motion at a February 10, 2006 Scheduling Conference.  Plaintiff filed an Amended Complaint adding BAE Systems and BAE Systems Employee Benefits Plan as Defendants. [Docket No. 8] The BAE Systems Defendants responded by filing their own 12(b)(6) motion [Docket No. 14] and all of the Defendants joined in the filing of a motion for summary judgment.  [Docket No. 15]  In their motions to dismiss and for summary judgment, Defendants argue that (1) the limitations period for

Plaintiff's claim has run, (2) Prudential is not a proper party under ERISA, and (3) Plaintiff failed to exhaust his administrative remedies.  After being granted a 45 day extension on the time to file a response to Defendants' motions [Docket No. 22], Plaintiff has responded to Defendants' motions. [Docket Nos. 28 & 30]  Plaintiff states that he "has never been contacted via telephone or via any other manner by Defendants Prudential and informed that his claim for accidental death benefits was denied."  [Docket No. 28]  Furthermore, "Plaintiff has never previously seen the aforementioned letter dated May 1, 2001, and has not received it as alleged by Defendants Prudential."  *Id.*

## II.  Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The evidence must be viewed "in the light most favorable to the non-moving party." *Williams v. Time Warner Operation , Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).  "Disputed facts preclude summary judgment if the evidence would allow a reasonable jury to return a verdict for the non-movant."  *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 312 (5th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Therefore, all disputed facts must be resolved in the non-movant's favor for purposes of summary judgment.  *Hotard v. State Farm Fire & Cas. Co.*, 286 F.3d 814, 817 (5th Cir. 2002); *McClure v. Duggan*, 674 F. Supp. 211, 222 (N.D. Tex. 1987).

### A.  ERISA Preemption

"An employee benefit plan is defined as 'any plan, fund or program' established or maintained by an employer or employee organization to provide participants and their beneficiaries with 'medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident,

disability, death or unemployment.'" *Hernandez v. Jobe Concrete Products, Inc.*, 282 F.3d 360, 362 (5th Cir. 2002).   The BAE Systems Employee Benefit Plan, under which Plaintiff contends Defendants are liable for failing to pay accidental death benefits, is just such a plan.   Therefore, Plaintiff's state law claims are completely preempted by ERISA.   *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 61 (1987).

### B.  Statute of Limitations

ERISA provides no specific limitations period.   *Harris Methodist Fort Worth v. Sales Support Serv. Inc.*, 426 F.3d 330, 337 (5th Cir. 2005).   In the absence of express statutory guidance regarding the statute of limitations applicable to a federal cause of action, federal courts borrow the statute of limitations from the "most clearly analogous state law." *Id.*  The claim being advanced by the Plaintiff in this case is "most analogous" to that of a breach of contract, therefore, Plaintiff must file suit "not later than four years after the day the cause of action accrues."  Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a).

"Under ERISA, a cause of action accrues after a claim for benefits has been made and formally denied." *Harris Methodist*, 426 F.3d at 337 (citing *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997)).   Plaintiff contends that his claim for benefits was never denied. Therefore, taking all of non-movant's assertions as true, the statute of limitations for breach of contract has not yet been tolled because the claim for benefits was never denied.   However, the Court must also look to the contractual statute of limitations outlined in the Plan.

The Plan requires that a claimant submit a "proof of loss" in order to recover benefits. [Docket No. 15, Ex. A]  The Claim Rules, which govern the payment of benefits covered under the Plan, address "proof of loss" as follows:

Prudential must be given written proof of the loss for which claim is made under the

Coverage.  This proof must cover the occurrence, character and extent of that loss. It must be furnished within 90 days after the date of the loss except that:

(1)      If any Coverage provides for periodic payment of benefits at monthly or shorter intervals, the proof of loss for each such period must be furnished within 90 days after its end.

(2)      If payment under a Coverage is to be made for charges incurred during a Calendar Year, the proof for that Calendar Year must be furnished within 90 days after its end.

A claim will not be considered valid unless the proof is furnished within these time limits.  However, it may not be reasonably possible to do so.  In that case, the claim will still be considered valid if the proof is furnished as soon as reasonably possible. Prudential will pay benefits within 60 days after receiving satisfactory proof of loss.

*Id.*  The Claim Rules also govern when legal action can be brought to recover under the Plan, explaining that:

No action at law or in equity shall be brought to recover on the Group Contract until 60 days after the written proof described above is furnished.  *No such action shall be brought more than three years after the end of the time within which proof of loss is required.*

*Id.* (emphasis added).  David Alexander passed away on June 18, 2000. [Docket No. 15, Ex. H] Accordingly, a proof of loss was due 90 days later, on Monday, September 18, 2000, and any legal action was foreclosed under the contractual statute of limitations as of September 18, 2003.

In addressing contractual limitations periods under ERISA, the Fifth Circuit has stated that "[w]here a plan designates a reasonable, shorter time period, . . . that lesser limitations schedule governs."  *Harris Methodist Fort Worth v. Sales Support Services Inc. Employee Health Care Plan*, 426 F.3d 330, 337 (5th Cir. 2005) (citing *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303-04 (11th Cir. 1998); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 874-75 (7th Cir. 1997)).  In the case at bar, the Plan calls for a three year limitations period, one year less than the applicable limitations period for a breach of contract claim

in Texas. [Docket No. 28, Ex. A]  Several courts have held a contractual limitations periods of three

years or less to be reasonable.  *See, e.g., Moore v. Berg Enterprises, Inc.*, 201 F.3d 448 (10th Cir.

1999) (upholding a three-year contractual limitations period); *Northlake Regional Medical Center

v. Waffle House*, 160 F.3d 1301 (11th Cir. 1998) (upholding a 90-day contractual limitations period);

*Segerdahl v. The Segerdahl Corp. Employee Stock Ownership Plan*, Civ. No. 05-4690, 2006 WL

1030195 (N.D. Ill. Apr. 17, 2006) (upholding a 90-day contractual limitations period); *Koert v. GE

Group Life Assurance Co.*, 416 F. Supp. 2d 319 (E.D. Pa. 2005) (upholding a three-year contractual

limitations period); *Sheckley v. Lincoln Nat'l Corp.*, 366 F. Supp. 2d 140 (D. Me. 2005) (upholding

a six-month contractual limitations period); *Davidson v. Wal-Mart Associates Health and Welfare

Plan*, 305 F. Supp. 2d 1059 (S.D. Iowa 2004) (upholding a 45-day contractual limitations period).

In fact, in some states the limitations period for a breach of contract claim is only three years,

making a three year contractual limitations period under an employee benefit plan quite reasonable

comparatively.  *See, e.g.,* COLO. REV. STAT. § 13-80-101 (2005); DEL. CODE ANN. tit. 10, § 8106

(2005); MD. CODE ANN., CTS. & JUD. PROC. § 5-101 (2005); N.H. REV. STAT. ANN. § 508:4 (2005);

N.C. GEN. STAT. § 1-52 (2005).  In evaluating the reasonableness of a contractual limitations period,

the Seventh Circuit has explained:

> Like a suit to challenge an administrative decision, a suit under ERISA is a review
> proceeding, not an evidentiary proceeding.  It is like an appeal, which in the federal
> courts must be filed within 10, 30, or 60 days of the judgment appealed from, . . .
> depending on the nature of the litigation, rather than like an original lawsuit.

*Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 875 (7th Cir. 1997).  Although

the reasonableness was not contested by either party, the Fifth Circuit upheld a three year contractual

limitations period in *Harris Methodist*, where the only dispute was what constitutes a loss and when

the loss occurred.  426 F.3d at 337-38.  Based on the above, the Court holds that the three year

contractual limitations period prescribed by the Plan is reasonable.

Under the Plan's Claim Rules and the facts as represented by Plaintiff, the time for filing a claim under the Plan expired on September 18, 2003. The instant lawsuit, which was filed on August 30, 2005, is clearly outside the contractual limitations period. Although Prudential's March 19, 2002 letter suggested they would "continue" to investigate Plaintiff's claim if they received two proofs of loss, this does not alter the contractual limitations period and there is no evidence that Prudential agreed to extend the limitations period. [Docket No. 28, Ex. N] In fact, Prudential made other requests for proofs of loss,[2] but none of these requests change the fact that the proof of loss was *required* by Monday, September 18, 2000, at which time the three year contractual limitations period began. [Docket No. 28, Ex. A] Although Plaintiff has not actually argued that the filing of his first lawsuit on October 17, 2003, tolled the contractual limitations period, the Court notes that even that suit was filed almost a month after the contractual limitations period expired. Furthermore, Plaintiff's letters of September 3, 2004 [Docket No. 28, Ex. O], and July 6, 2005 [Docket No. 28, Ex. P], indicating his desire to exhaust all administrative remedies, were likewise too late.

If Plaintiff was dissatisfied with the claims process he should have filed suit by September 18, 2003. Plaintiff's claim for benefits under the AD&D policy is barred by the contractual limitations period contained in the Plan. Therefore, the Court need not address the exhaustion of remedies issue or determine whether Prudential is a proper party under ERISA, because, even if Plaintiff did exhaust his administrative remedies and Prudential was a proper party, Plaintiff did not file suit within the time allowed under the Plan's reasonable limitations period.

---

[2]*See, e.g.,* [Docket No. 28, Ex. N] (March 19, 2002 letter from Group Life Claim Division representative requesting two proofs of loss); [Docket No. 15, Ex. C] (May 24, 2004 letter from counsel for Prudential offering to allow Plaintiff to abate his first lawsuit to pursue administrative remedies) of Plaintiff's first lawsuit); [Docket No. 15, Ex. E] (September 10, 2004 letter from counsel for Prudential directing Plaintiff to send inquiries regarding administrative appeals directly to the Prudential Group Life Claim Division).

### III.  Conclusion

Due to the fact that the contractual limitations period for legal action has run, Defendants'

Motion for Summary Judgement [Docket No. 15] is **GRANTED**.  The Court does not reach

Defendants' arguments that Plaintiff failed to exhaust his administrative remedies and that

Prudential is not a proper party.  Therefore, Defendants' Motion to Dismiss Pursuant to Federal Rule

of Civil Procedure 12(b)(6) [Docket No. 3], BAE Systems Defendants' Motion to Dismiss Pursuant

to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 14], and Defendants' Motion to Strike

Plaintiff's Designated Experts [Docket No. 26] are **DENIED as moot**.

Signed this 14th day of July, 2006.

Andrew S. Hanen
United States District Judge