# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GERALD M. ALEXANDER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. B-05-267 |
| | § | |
| PRUDENTIAL FINANCIAL, INC., THE | § | |
| PRUDENTIAL INSURANCE COMPANY | § | |
| OF AMERICA, BAE SYSTEMS EMPLOYEE | § | |
| PLAN, and BAE SYSTEMS, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for New Trial. (Doc. No. 38, including exhibits at Doc. Nos. 39, 40 & 41). Holding that the contractual limitations period for Plaintiff's ERISA claim had run, the Court granted Defendants' Motion for Summary Judgment on July 14, 2006, and entered judgment on the same day. (Doc. Nos. 36 & 37).

According to the Fifth Circuit, "the Federal Rules of Civil Procedure do not recognize a 'motion for reconsideration.'" *Anglin v. Local Union 1351*, 102 F. App'x 367, 369 (5th Cir. 2004). When a litigant seeks reconsideration of an order granting the opposition's motion for summary judgment, the proper vehicle for doing so is a Rule 59(e) motion to alter or amend the judgment, rather than a motion for new trial pursuant to Federal Rule of Civil Procedure 59(a). *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). As such, Plaintiff's motion will be considered a motion to alter or amend the judgment pursuant to Rule 59(e). *Id.*

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891

F.2d 1154, 1159 (5th Cir. 1990)). It should also be remembered that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). Asking a Court to reconsider a judgment is a practice reserved for situations where "the court is presented with newly-discovered evidence, when the court committed clear error, when there is an intervening change in controlling law, or when other highly unusual circumstances exist." *Becerra v. Asher*, 921 F. Supp. 1538, 1548 (S.D. Tex. 1996).

In the case at bar Plaintiff essentially argues that there was insufficient documentation of the denial of the claim for benefits, or that the claim was never actually denied, and suggests that he was not provided with a copy of the contract, such that he did not know of the contractual limitations period. It is worth noting from the start that in granting Defendants' Motion for Summary Judgment the Court accepted as true Plaintiff's arguments that the claim for benefits had never been denied. (Doc. No. 36, p.5). Thus, the documentation of the denial or whether the claim was actually denied is not an issue, as the Court assumed for purposes of summary judgment that there was no denial of Plaintiff's claim. Turning to Plaintiff's next argument, suggesting that he never received the contract, the Court notes that: (1) Plaintiff admitted that decedent received the contract in ¶ 4.03 of Plaintiff's Response to Defendants' Motion for Summary Judgment[1] (Doc. No. 28-1, p.10); and (2) Plaintiff does not actually deny receiving the contract in Plaintiff's Motion for New Trial, but states that "there is no evidence or documents that confirm, prove or substantiate" that Plaintiff was in possession of the contract and that "[t]he reasonable conclusion [] is that Plaintiff was never

---

[1] "Thereafter, the Defendants issued a Booklet Certificate to [the decedent] which describes the program benefits, contains a certificate of coverage, and includes a summary plan description. (See Booklet Certificate, Exhibit "B", Bates Stamp Nos. 00022 through 00069)." (Doc. No. 28-1, p.10). Exhibit "B" to Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. No. 28-6, p.2), which Plaintiff admits the decedent received, contains the contractual limitations period.

informed of the applicable contractual language and of his ERISA rights and of his right to appeal Defendants [sic] Prudential's denial." (Doc. No. 38, p.16).  It is arguable whether this even amounts to a defense against the running of limitations, but the Court will address it as if it is a valid defense.  The relevant section of Plaintiff's Motion for New Trial is entitled "PLAINTIFF WAS NOT PROVIDED WITH THE CONTRACT BY THE DEFENDANTS) [sic]," but the actual argument in that section of Plaintiff's motion do not make such a firm statement.  Instead, his argument really comes down to the fact that Defendants have not *proven* he received a copy.  Plaintiff has provided no affidavits or other evidence of the fact that he did not receive the contract.  The June 8, 2006 Affidavit of Gerald M. Alexander simply states he has "never been advised or informed by Prudential about any appeals procedures or processes in regards to [his] claim for accidental death benefits."  (Doc. No. 29-7, p.3).  Therefore, this Court cannot accept the unsworn assertion that Plaintiff never received the contract.  Given the fact that he was represented by counsel since at least February 27, 2002 (Doc. No. 28-20), a year and one-half before the limitations period expired, he certainly had time to get the contract or at least present this Court with proof of the fact that he does not have and never had the contract.

Plaintiff also implies that the contractual limitations period does not apply because the accrual of a cause of action under ERISA can only occur by way of a denial of benefits, whereas the contract in this case states that "no action in law or equity shall be brought more than three years after the end of the time within which proof of loss is required." (Doc. No. 15, Ex. A).  The Fifth Circuit, however, has upheld contractual limitations periods which stem from the time in which proof of loss is required.  *Harris Methodist Fort Worth v. Sales Support Services Inc. Employee Health Care Plan*, 426 F.3d 330, 337-38 (5th Cir. 2005); *Estate of Bratton v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 215 F.3d 516, 524-25 (5th Cir. 2000).  Therefore, the Court reaffirms its prior

holding that the contractual limitations period in this case was both valid and reasonable.

Accordingly, Plaintiff's Motion for New Trial, or, more appropriately, Plaintiff's Rule 60(b) motion for relief from judgment (Doc. No. 38, including exhibits at Doc. Nos. 39, 40 & 41) is **DENIED**.

Signed this 10th day of October, 2006.

_____
Andrew S. Hanen
United States District Judge